**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

**GREGORY MORTON**       \*
      \*
**v.**       \*       **Civil Action   JKS 09-2753**
      \*
**ERNEST STANLEY**       \*

**<u>MEMORANDUM OPINION</u>**

Pending before the court is Plaintiff Gregory Morton's motion for a new trial, ECF No.

59.  The motion has been fully briefed and no hearing is necessary.  For the reasons stated below,

the motion will be denied.

Mr. Morton filed this action against Defendant Stanley and other Bowie police officers

alleging false arrest, false imprisonment, and excessive force under federal and state law.  His

complaint and discovery responses contained claims relating to a December 6, 2008, incident

during which Mr. Morton was ejected from a Best Buy store, and a December 17, 2008, incident

which occurred when Mr. Morton went to the Bowie police station to complain about the

treatment he received during the December 6 incident.  Shortly before trial, Mr. Morton

abandoned his claims related to the December 6 incident.

The case went to trial on Mr. Morton's claims against Defendant Stanley related to the

December 17 incident.  Prior to trial, the court excluded evidence relating to events which

occurred in the Best Buy before the police arrived on December 6 and ruled that matters which

occurred after the police arrived at the Best Buy on December 6 were admissible.  To expedite

the presentation of the evidence, the court instructed the jury at the beginning of the trial that the

police were summoned to the Best Buy on December 6 to remove Mr. Morton from the store.

Mr. Morton testified that he went to the Bowie police station on December 17 to complain about

the treatment he had received on December 6.  He specified that Defendant Stanley was one of

his intended complaint targets because Stanley was a member of the group of officers who had

violently ejected him from the Best Buy on December 6.  Stanley, on the other hand, denied that

he had entered the Best Buy store on December 6, and maintained that his first encounter with

Mr. Morton occurred outside the store after Mr. Morton had been ejected.  The court thus ruled

that evidence regarding the police actions on December 6 at the Best Buy was relevant to place

the December 17 incident in context and also to assist the jury in evaluating Morton's and

Stanley's credibility.

On review of a motion for a new trial under Federal Rule of Civil Procedure 59(a), a trial

court is permitted to weigh the evidence and consider the credibility of witnesses.  *Cline v. Wal-*

*Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998).  "Whether to grant a new trial rests within

the sound discretion of the trial court but such discretion must not be arbitrarily exercised."

*Sergent v. Anne Arundel County, Md.*, 681 F. Supp. 2d 631, 633 (D. Md. 2010) (quoting *City of*

*Richmond v. Atl. Co.*, 273 F.2d 902, 916 (4th Cir. 1960)) (internal quotation marks omitted).  A

new trial must be granted if "(1) the verdict is against the clear weight of the evidence, or (2) is

based upon evidence which is false, or (3) will result in a miscarriage of justice, even though

there may be substantial evidence which would prevent the direction of a verdict." *Sergent*, 681

F. Supp. 2d at 633 (quoting *Knussman v. Maryland*, 272 F.3d 625, 639 (4th Cir. 2001)) (citation

omitted).

The particular testimony about which Mr. Morton complains was given by one of the first

police officers to arrive in the Best Buy after being summoned on December 6.  After this officer

testified that Mr. Morton called the store manager "an asshole," counsel moved for a mistrial.

The court denied that motion and instructed the jury to disregard the testimony.

No miscarriage of justice occurred here.  Mr. Morton argues that the "asshole" comment was inadmissible under Federal Rule of Evidence 404(b), was irreversibly inflammatory, and caused him undue prejudice.  The court disagrees.  First, the jury was instructed to disregard this evidence.  Second, the jury was aware that Mr. Morton had refused to leave the store upon the request of store personnel and that store personnel had then called the police to perform the removal.  In light of these facts, it is inconceivable that a jury would conclude that Mr. Morton's conduct on December 6 was, to use his counsel's words, "aggressive and threatening," ECF No. 62 at 8, solely because they inappropriately considered evidence that Mr. Morton called the store manager a name.[1]

Mr. Morton also argues that undue prejudice is evidenced by the fact that the jury returned a defense verdict after only brief deliberation despite his presentation of "a rather compelling case [with elicitation of] a different version of the incident from each defense witness." *Id.* at 10.  To the extent that he is arguing that the verdict was against the weight of the evidence, again, the court disagrees.  While no two defense witnesses told precisely the same story, none corroborated Mr. Morton as to the material facts, and most corroborated Defendant Stanley, particularly with regard to the amount of force used to arrest Mr. Morton. The jury was instructed to evaluate discrepancies in the testimony of witnesses and there is no reason to doubt that they appropriately did so here.

By separate order, the motion for new trial will be denied.

Date:  December 13, 2011                                    /S/
                                                      JILLYN K. SCHULZE
                                                 United States Magistrate Judge

---

[1] The claim that this testimony was inadmissible under Rule 404(b) is itself highly tenuous, as the Rule merely prohibits the use of "bad acts" as proof of a person's character.  It is unlikely that any juror would infer a combative or aggressive character from a single name-calling incident, but, in any event, the court's instruction to disregard the testimony removed this as a possibility.